IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:07-CR-00030 |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN J. WITASICK and | ) | **ORDER** |
| WHITNEY S. WITASICK, | ) | |
| | ) | By: Jackson L. Kiser |
| Defendants. | ) | United States District Court |
| | ) | |

This case is before me on various Defense motions and one Government motion. A hearing was held on these motions on April 24, 2008.

Joinder of offenses requires that the separate counts be "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED R. CRIM. P. 8(a). Rule 8(a) permits "very broad joinder." *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005).

Here there are several alleged wrongdoings. Defendants are alleged to have defrauded two separate insurance companies and have committed several tax offenses. It is not uncommon for prosecutors to charge tax offenses in the same indictment as other offenses. However, this is normally because the money received from the unlawful activities is related to the tax offenses. The tax-related counts in this case are: 1) Count Two – tax evasion in 1999 for overstating business expenses; 2) Count Three – tax evasion for 2000 by overstating unreimbursed business expenses by characterizing home expenses as business expenses; 3) Count Four – Tax perjury on the 1999 tax returns; 4) Count Five – tax perjury on the 2000 tax returns; 5) Count Six – failure to file taxes for calendar year 2001 by Kevin Witasick; 6) Count Seven – failure to file taxes for

calendar year 2001 by Whitney Witasick.

The insurance-related offenses here are: 1) Count Eight – mail fraud from 2002 through 2007 for claiming with misrepresentation and/or omission that they were due more money under an insurance policy from Standard Insurance than was truthfully due; 2) Count Nine – Health care fraud, where Kevin Witasick between 1999 and 2004 secured group health insurance coverage through his law firm for an individual who was employed by the Defendants for personal tasks.

Though Count One alleges all of these under a general conspiracy, this is difficult to comprehend. Whitney Witasick is not charged in the Blue Cross Blue Shield fraud, and the tax counts are not related, nor temporally similar, to the fraud in which both Defendants allegedly participated. Therefore, I GRANT in part Defendant's Motion for Severance [63]. Counts Two, Three, Four, Five, Six, and Seven will be severed from the other counts.

Counts Eight and Nine have some important differences that I briefly touched upon earlier. However, they also have some similarities and some temporal overlap. Because joinder is intended to be broad, I DENY in part Defendant's Motion for Severance [63] with regard to severing counts eight and nine from each other.

This analysis brings up the precarious situation of Count One. It is true, of course, that "the allegation in a single count of a conspiracy to commit several crimes is not duplicitous." *Braverman v. United States*, 317 U.S. 49, 54 (1942). However, this assumes that the Defendants entered into one agreement. The government in oral argument argued that there was one broad conspiracy with the overarching goal of personal enrichment. However, this is insufficient grounds to group together unrelated acts which occurred at largely different times. *See United States v. Lowry*, 409 F. Supp. 2d 732, 744 (W.D. Va. 2006) (finding that "personal enrichment"

was an insufficient commonality to support joinder of charges). Simply, the government should have charged the different agreements as individual conspiracies. In other words, Count One is duplicitous.

However, the cure for a duplicitous count is not necessarily dismissal. 1A CHARLES ALAN WRIGHT & ANDREW D. LEIPOLD, FEDERAL PRACTICE AND PROCEDURE § 145 (4th ed. 2008). I GRANT the Motion to Dismiss Count One [59] in part and give the government ten days to decide which single conspiracy theory they intend to pursue, tax fraud or insurance fraud. If the government chooses the tax conspiracy, then Count One will be severed to join the other tax counts. Conversely, if the government chooses insurance fraud, the case will proceed on that theory sans the tax fraud theory.

Defendants also filed and argued several motions alleging that the Government has failed to properly describe the specific charges. "The Supreme Court has held that Due Process and the Sixth Amendment require notice that is sufficient to allow a reasonable defendant to prepare for trial." *Stroud v. Polk*, 466 F.3d 291, 297 (4th Cir. 2006) (citing sources). Defective indictments only violate these requirements if they fail to specify the nature of the accusations, rather than merely omitting evidentiary details regarding a "purely factual issue." *United States v. Encarnacion*, 1991 U.S. App. LEXIS 2674, at *14 n.7 (4th Cir. Feb. 20, 1991) (denying motion that an indictment was defective). Precise details are not required for an indictment to pass muster under this standard. *See United States v. American Waste Fibers Co.*, 809 F.2d 1044, 1046-47 (4th Cir. 1987) (indictment passed muster where it followed the language of the statute and listed nine overt acts together with locations and dates). Further, indictments do not have to "enumerate every possible legal and factual theory of defendants' guilt." *Id.* at 1047.

I have reviewed the facts alleged in the indictment and find them sufficient to sustain the charged counts and to put Defendants on proper notice. Therefore, I DENY the Motion to Dismiss Counts Two, Three, Six, and Seven [61], the Motion for a Bill of Particulars [34], the Motion to Strike Surplusage [88], and the Motion to Dismiss Count Eight [65]. With regards to this last motion, as I stated to counsel at the hearing, the points they raise are issues for trial. There is no equivalent to a summary judgment motion in criminal law.

Whitney Witasick has also moved for her case to be severed from her husband's case. As she points out, "there is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). I do not agree with her contention that the prejudice to her would be so great that it could not be overcome with my properly instructing the jury, especially in light of the fact that the only offense she is not charged with is health care fraud. Therefore, the Motion for Severance [73] is hereby DENIED.

The Government has sufficiently demonstrated that Defendants were legal residents of Virginia when the tax offenses occurred. Therefore, the Motion to Dismiss Counts Six, Seven and Portions of Count One for Lack of Jurisdiction, or, in the alternative, for Change of Venue [32] is hereby DENIED.

Defendant's Motion for Transfer from the Danville Division [67] was orally withdrawn by Defendants at the hearing, and is therefore DISMISSED.

The remaining open motions relate to discovery, evidentiary, or trial issues. Some were agreed to by the parties, others are premature, and some are simply improper. I hereby DENY these motions except that the parties are bound by their representations at the motions hearing.

The Clerk is directed to send this Order to all counsel of record.

Entered this 28th day of April, 2008.

                                                                    s/Jackson L. Kiser
                                                                    Senior United States District Judge